UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

OMAR ODALE BROCKMAN,

    Plaintiff,                                      Case No. 17-10399
                                                  Honorable Victoria A. Roberts

v.

MARK MCCULLICK, et al.,

    Defendants.
_____/

**<u>ORDER DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION TO APPOINT COUNSEL [R. 3]</u>**

Omar Odale Brockman filed this prisoner civil rights case on February 2, 2017 against six individuals. This matter is before the Court on Brockman's motion to appoint counsel. [Doc. 3].

Brockman says the Court should appoint him counsel because: (1) he is unable to afford counsel; (2) he is in prison and has limited access to the law library; (3) the case will likely involve complex issues and will require significant research and investigation; and (4) he has very little knowledge of the law.

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of counsel under § 1915(e)(1) is not a constitutional right in a civil action; a district court is vested with broad discretion to determine whether "exceptional circumstances" warrant such an appointment. *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993). In making this determination, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the legal and factual issues, and whether the claims are frivolous or have

a small likelihood of success. *Id.* Appointment of counsel pursuant to § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).

The Court finds that Brockman does not show exceptional circumstances warranting appointment of counsel. This case is not unusually complex, and Brockman's complaint demonstrates that he understands the nature of his case and has adequate access to the Court. Brockman's reliance on having limited access to the law library and limited knowledge of the law do not constitute exceptional circumstances, as the same is true for the majority of *pro se* prisoner litigants. Because Brockman can adequately represent his own interests, appointment of counsel is unnecessary at this juncture. Should he survive dispositive motions, he may renew his motion for counsel.

Brockman's motion to appoint counsel [R. 3] is **DENIED WITHOUT PREJUDICE**.

**IT IS ORDERED**.

                                                S/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: May 4, 2017